UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| JEFF FOGLESONG, individually and on behalf of all others similarly situated,<br><br>v.<br><br>MARQUIS METAL WORKS, LLC, | Case No.: _____<br>Collective Action (29 U.S.C. § 216(b))<br>Class Action (Fed. R. Civ. P. 23) |

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Summary**

1. Marquis Metal Works, LLC (MMW) is a welding and fabrication company specializing in manufacturing skid facilities for the oilfield industry. MMW employs welders, welder helpers, fabricators, and heavy equipment operators it pays by the hour, but with no overtime pay, even though they regularly work 80 or more hours per week. Instead, MMW unlawfully labels these workers as "contractors" and pays them at the same hourly rate for regular and overtime hours. Because this practice results in non-payment of overtime wages to Jeff Foglesong and other similarly situated workers, Foglesong brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA"), North Dakota Century Code 34, and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin Code § 46-02-07-01, *et seq.*) (together, "ND Wage Laws").

**Jurisdiction and Venue**

2. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because MMW is headquartered in this district.

5. Foglesong performed work for MMW in this District and Division.

## THE PARTIES

6. Foglesong worked for MMW as a welder, welder's helper, fabricator, and heavy equipment operator.

7. Foglesong brings this action on behalf of himself and all other similarly situated workers who were paid by the hour with no overtime pay and labeled by MMW as "contractors."

8. MMW paid each of these workers at the same hourly rate for all hours worked in a workweek, including those worked in excess of 40, without overtime pay required by the FLSA and North Dakota wage laws.

9. Foglesong's written consent to be a party plaintiff is attached as Exhibit A.

10. Foglesong represents at least two classes of similarly situated co-workers.

11. First, Foglesong represents a class of similarly situated hourly workers under the FLSA pursuant to 29 U.S.C. § 216(b). The FLSA Class sought to be certified is defined as:

> **All current and former hourly workers employed by MMW in the past three years and labeled as "contractors."**

12. Second, Foglesong represents a class of similarly situated hourly workers under the ND Wage Laws pursuant to Federal Rule of Civil Procedure 23. The North Dakota Class sought to be certified is defined as:

> **All current and former hourly workers employed by MMW in North Dakota in the past three years and labeled as "contractors."**

13. Collectively, the FLSA Class Members and North Dakota Class Members are referred to as "Putative Class Members."

14. MMW is a North Dakota limited liability company that does business in this District and Division. It may be served by serving its registered agent for service of process, **USCA, Inc., 2404 East Broadway Avenue, Suite D, Bismarck, ND 58501-5027**.

## FACTS

15. At all times hereinafter mentioned, MMW been an employer within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16. At all times hereinafter mentioned, MMW has been part of an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, MMW has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. At all times hereinafter mentioned, Foglesong and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

19. MMW is a welding and fabrication company based in Williston, North Dakota that specializes in manufacturing skid facilities for the oilfield industry.

20. Foglesong and the Putative Class Members performed duties for MMW that were integral to MMW's operations, including welding, building skid units, and operating heavy equipment.

21. MMW's employees routinely handle goods or materials—such as computers, tools, phones, welding equipment, and construction materials—that have moved in, or were produced for, interstate commerce.

22. MMW's annual gross revenues are in excess of $500,000.

23. MMW is a "covered enterprise" subject to the requirements of the FLSA.

24. Foglesong worked for MMW from December 2017 to February 2019.

25. MMW paid Foglesong and the Putative Class Members by the hour with no overtime premium for hours worked in excess of 40 in a workweek.

26. For example, MMW paid Foglesong $28 per hour for all hours worked, including those worked in excess of 40 in a workweek.

27. MMW controlled Foglesong's and the Putative Class Members' terms and conditions of employment, including hours worked, duties, method of pay, and amount of pay.

28. MWW's supervisors oversaw the work performed by Foglesong and the Putative Class Members.

29. MMW provided welding machines to Foglesong and the Putative Class Members.

30. As nonexempt employees, Foglesong and the Putative Class Members were entitled to overtime pay equal to 1.5 times their regular rates of pay for hours worked in excess of 40 in a workweek.

31. Foglesong and the Putative Class Members were non-exempt employees. While their precise job duties may have varied somewhat, any variations did not impact their entitlement to overtime for hours worked in excess of 40 in a workweek.

32. Furthermore, Foglesong and the Putative Class Members performed similar job duties related to welding, fabrication, and operating heavy equipment.

33. MMW required Foglesong and the Putative Class Members to work 12 hours per day, 6 to 7 days per week. Accordingly, they regularly worked 72 to 84 hours per workweek.

34. MMW knew Foglesong and the Putative Class Members worked many more than 40 hours in a workweek because MMW kept records of the hours they worked.

35. It is well established that hourly workers—like Foglesong and the Putative Class Members—are not exempt from the overtime provisions of the FLSA and ND Wage laws, no matter what their job duties are.

36. MMW knows its hourly workers are not exempt from the FLSA and ND Wage Law's overtime provisions.

37. It is also well-known that hourly workers working on a permanent basis using the company's tools and under the company's direction, are employees, not contractors. Accordingly, MMW knew, or acted with reckless disregard, as to whether it properly labeled Foglesong and the Putative Class Members as contractors.

### FIRST CAUSE OF ACTION—FLSA VIOLATIONS

38. By failing to pay Foglesong the FLSA Class overtime at one-and-one-half times their regular rates, MMW violated the FLSA's overtime provisions.

39. Because MMW knew, or showed reckless disregard for whether, its pay practices violated the FLSA, MMW owes these wages for the past three years.

40. MMW owes Foglesong and the FLSA Class an amount equal to the unpaid overtime wages as liquidated damages.

41. Foglesong and the FLSA Class are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### SECOND CAUSE OF ACTION—ND WAGE LAWS VIOLATIONS

42. The conduct alleged in this Complaint violates the ND Wage Laws.

43. MMW was and is an "employer" within the meaning of the ND Wage Laws.

44. MMW was and is an "employer" within the meaning of the ND Wage Laws.

45. At all relevant times, MMW employed each member of the North Dakota Class as an "employee" within the meaning of the ND Wage Laws.

46. At all relevant times, MMW employed each member of the North Dakota Class as an "employee" within the meaning of the ND Wage Laws.

47. The ND Wage Laws requires employers to pay overtime to all non-exempt employees.

48. The members of the North Dakota Class were and are non-exempt employees who are entitled to be paid overtime for all overtime hours worked.

49. Within the applicable limitations period, MMW had a policy and practice of failing to pay overtime pay to the North Dakota Class members for their hours worked in excess of 40 hours per week.

50. Within the applicable limitations period, MMW had a policy and practice of requiring North Dakota Class members to work seven or more consecutive days in a row.

51. As a result of MMW's failure to pay overtime to the North Dakota Class, MMW violated the ND Wage Laws.

52. As a result of MMW's requirement that the North Dakota Class Members work seven or more consecutive days in a row, MMW violated the ND Wage Laws.

53. The North Dakota Class is entitled to recover their unpaid overtime based on MMW's failure to pay 1.5 times their regular rates of pay for work performed in excess of 40 hours in a week, an amount equal to these underpayments as liquidated damages, and such other legal and equitable relief resulting from their violations of the ND Wage Laws as the Court deems just and proper.

54. The North Dakota Class also seeks recovery of attorneys' fees and costs of this action to be paid by MMW, as provided by the ND Wage Laws.

### CLASS AND COLLECTIVE ACTION ALLEGATIONS

55. Foglesong incorporates all previous paragraphs and alleges that the illegal pay practices MMW imposed on him were likewise imposed on the Putative Class Members.

56. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and ND Wage Laws.

57. Numerous other individuals who worked with Foglesong indicated they were improperly labeled as contractors, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and/or federal wage laws.

58. Thus, MMW imposed a uniform practice or policy on Foglesong and the Putative Class Members regardless of any individualized factors.

59. Based on his experiences and tenure with MMW, Foglesong is aware that MMW's illegal practices were imposed on the Putative Class Members.

60. Putative Class Members were all improperly classified as non-employee contractors and not afforded required overtime compensation when they worked in excess of 40 hours per week.

61. MMW's failure to pay wages and overtime compensation at the rates required by the FLSA and ND Wage Laws results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

62. Foglesong's experiences are therefore typical of the experiences of the Putative Class Members.

63. The specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

64. Foglesong has no interest contrary to, or in conflict with, the Putative Class Members. Like each member of the proposed classes, Foglesong has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

65. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

66. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and MMW will reap the unjust benefits of violating the FLSA and ND Wage Laws.

67. Furthermore, even if some of the Putative Class Members could afford individual litigation against MMW, it would be unduly burdensome to the judicial system.

68. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

69. The questions of law and fact common to each of the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   (a) Whether the Putative Class Members qualify as employees;

   (b) Whether the Putative were not paid overtime at one and one half their regular rate of pay for hours worked in excess of 40 in a workweek;

   (c) Whether MMW's decision to not pay overtime to the Putative Class Members was made in good faith; and

   (d) Whether MMW's violation of the FLSA was willful.

70. Foglesong's claims are typical of the Putative Class Members claims. Foglesong and the Putative Class Members Class Members have sustained damages arising out of MMW's illegal and uniform employment policy.

71. Foglesong knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

72. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class or collective action treatment.

### RELIEF SOUGHT

73. WHEREFORE, Foglesong prays for judgment against MMW as follows:

(a)      For an order certifying class action(s) under Rule 23 for the purposes of the claims under North Dakota law;

(b)      For an order certifying this case as a collective action for the purposes of the FLSA claims;

(c)      For an order finding MMW liable for violations of state and federal wage laws with respect to Foglesong and all Putative Class Members covered by this case;

(d)      For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Foglesong and all Putative Class Members covered by this case;

(e)      For a judgment awarding Foglesong and all Putative Class Members covered by this case their costs of this action;

(f)      For a judgment awarding Foglesong and all Putative Class Members covered by this case their attorneys' fees;

(g)      For a judgment awarding Foglesong and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(h)      For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: **/s/ David I. Moulton**
_____
David I. Moulton
Texas Bar No. 24051093
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
dmoulton@brucknerburch.com

**Attorneys for Plaintiff**